Martin M. Kolbrener, J.
Defendant moves to suppress evidence, which she claims, was illegally seized by the police following the death of her husband. She has been indicted for the crime of manslaughter in the first degree. A motion to dismiss or to inspect the Grand Jury minutes has been denied. She has been granted a hearing on the motion to suppress.
*1008 The testimony adduced by the prosecution indicates that the police were called to defendant’s home and when they arrived they found the deceased lying in the driveway about 15 feet from the entrance door. The deceased was bleeding from his chest. There were some people nearby and when Officer Meininger asked “ Who did it? ” defendant stepped forward from the crowd and said “ I did it. I stabbed him with a knife.” The officer placed defendant under arrest. Another officer went into the house with defendant and saw the knife in question in the bathroom. It was bloody. The defendant identified it as the knife with which she stabbed her husband. In my opinion the search was lawful and a reasonable exercise of police duty following the arrest of the defendant. (Agnello v. United States, 269 U. S. 20; United States v. Rabinowitz, 339 U. S. 56.)
In United States v. Rabinowitz (supra, p. 60): “ The right to search the person incident to arrest always has been recognized in this country and in England. Weeks v. United States, 232 U. S. 383, 392.
At page 61: “ Decisions of this Court have often recognized that there is a permissible area of search beyond the person proper. Thus in Agnello v. United States, 296 U. S. 20, 30, this Court stated: ‘ The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, as well as weapons and other things to effect an escape from custody, is not to be doubted. ’ ”
At page 65: “ A rule of thumb requiring that a search warrant always be procured whenever practicable may be appealing from the vantage point of easy administration but wo cannot agree that this requirement should be crystallized into a sine qua non to the reasonableness of a search. It is fallacious to judge events retrospectively and thus to determine, considering the time element alone, that there was time to procure a search warrant. Whether there was time may well be dependent upon considerations other than the ticking off of minutes or hours. * * * Some flexibility will be accorded law officers engaged in daily battle with criminals for whose restraint criminal laws are essential.” It is therefore ordered that the motion is denied.